

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00288-CR

---

MARKUS ANTHONY RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B20667-1803, Honorable Kregg Hukill, Presiding

---

October 16, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Markus Anthony Rodriguez, appeals from the trial court's judgment adjudicating him guilty of intoxicated assault with a motor vehicle[1] and sentencing him to eight years' confinement. The appellate record was originally due September 8, 2023. The clerk's record was filed by this deadline, but the reporter's record was not. By letter of September 15, 2023, we notified the reporter that the record was overdue and directed

---

[1] *See* TEX. PENAL CODE ANN. § 49.07.

her to advise this Court of the status of the record by September 25. The court reporter has notified the Court by telephone that she is unable to complete the record or file a motion for extension due to medical issues.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by November 15, 2023.

Should the reporter file the record on or before October 30, 2023, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.